STATEWIDE PARKING SERVICES, INC. *v.* CITY OF HARTFORD ET AL.
(SC 15721)

Norcott, Katz, Palmer, McDonald and Peters, Js.

Argued March 25—officially released April 28, 1998

*Delroy A. Shirley*, senior assistant corporation counsel, with whom, on the brief, was *Kevin G. Dubay*, corporation counsel, for the appellant (named defendant).

*Frank A. Leone*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In 1991, the plaintiff, Statewide Parking Services, Inc., entered into a management service agreement with the May Department Stores Company (May) to operate and manage the former G. Fox parking garage in Hartford. Subsequently, May donated the G. Fox building and the parking garage to the named defendant, the city of Hartford.[1] May also assigned the rights and responsibilities under the contract to the defendant. By its terms, the management agreement expired on January 31, 1996.

Approximately one month prior to the expiration date, the defendant notified the plaintiff that the agreement would not be renewed. In response, two days prior to the expiration, the plaintiff notified the defendant that it would not vacate the premises. On February 1, 1996, at 6 a.m., officials of the city, accompanied by uniformed members of the Hartford police department, confronted the plaintiff's employees as they attempted to open for business and demanded,

---

[1] Also named as defendants in this action were various city officials who are not involved in this appeal. Hereafter, we refer to the city of Hartford as the defendant.

under the threat of arrest, that they vacate the premises. The employees then removed the plaintiff's equipment and vacated the building.

Thereafter, the plaintiff filed a forcible entry and detainer action pursuant to General Statutes § 47a-43.[2] The defendant filed a motion to dismiss claiming that the plaintiff had no standing to bring such an action because it had not been in "actual possession" of the premises. The trial court denied the motion to dismiss and, on February 13, 1996, rendered judgment in favor of the plaintiff concluding that the plaintiff had been in "actual possession" and was therefore afforded the protection of § 47a-43. The trial court ordered a writ of restitution requiring that the defendant restore the plaintiff to possession of the premises, and that the plaintiff turn over to the defendant the parking revenues it had collected while in possession of the garage pursuant to the terms of the management agreement.[3] The defendant then appealed to the Appellate Court, which affirmed the judgment of the trial court in a per curiam opinion without a memorandum of decision. *Statewide*

---

[2] General Statutes § 47a-43 provides in relevant part: "(a) When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same . . . the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court. . . ."

[3] Pursuant to the trial court's instruction that it institute a summary process action if it wished to remove the plaintiff from the premises, the defendant filed such a motion and, on July 22, 1996, the trial court ordered that the plaintiff vacate the premises by 6 p.m. that evening. The plaintiff complied with this order.

Prior to oral argument before the Appellate Court, the parties were ordered to prepare to discuss "whether the appeal from the trial court's granting of the permanent injunction in the plaintiff's action for entry and detainer is moot in light of the defendant's subsequent summary process action which resulted in the plaintiff's vacating the premises . . . ." On appeal to this court, we raised, sua sponte, the issue of whether the judgment in the entry and detainer action had been rendered moot by the summary process action, and we ordered the parties to brief and argue the mootness issue.

*Parking Services, Inc.* v. *Hartford,* 45 Conn. App. 909, 693 A.2d 310 (1997).[4] This appeal followed.[5]

After examining the record on appeal and considering the briefs and arguments of the parties, we have concluded that there exists a serious question regarding our jurisdiction due to mootness and, therefore, the appeal should be dismissed on the ground that certification was improvidently granted. Our conclusion in the present appeal, however, is not to be construed as an adoption of the decision of the trial court.

The appeal is dismissed.

[4] While the defendant's appeal was pending before the Appellate Court, the plaintiff filed a motion for contempt claiming that the defendant had not paid it the management fees for services rendered after termination of the contract. The trial court granted the plaintiff's motion and ordered the defendant to pay the plaintiff $7961.92. The defendant first filed an amended appeal seeking review of the contempt order, but later purged itself of the contempt by paying the aforementioned amount. The defendant then withdrew the amended appeal.

[5] We granted the defendant's petition for certification to appeal from the judgment of the Appellate Court limited to the following issues: "Did the Appellate Court properly affirm the judgment of the trial court (1) denying the defendant's motion to dismiss, (2) issuing an injunction against the defendant, and (3) ordering restitution to the plaintiff?" *Statewide Parking Services, Inc.* v. *Hartford,* 242 Conn. 905, 697 A.2d 363 (1997).